SMITH, HARRIS & CO. *v.* NATHANIEL AMACKER.

Where a plaintiff offered to discontinue a suit, having given the Clerk of the court instructions to that effect, prior to the filing of a reconventional demand, but the defendant resisted the discontinuance and was sustained by the court—*Held:* That, whether plaintiff's original demands were urged to the jury or not, it was an error to disregard them on the final judgment. If no evidence was offered to sustain them, a judgment of nonsuit should have been rendered; if they were proved to have been novated, judgment should have been rendered against the plaintiff; if they were established, plaintiff should have had judgment.

APPEAL from the District Court of the Parish of St. Helena, *Wilson,* J. *J. T. Ellison, A. Addison* and *Michel & Koontz,* for plaintiffs and appellants. *E. P. & H. W. Ellis* and *Preston Pond,* for defendant.

MERRICK, C. J. The appeal is taken in this case from a judgment in favor of the defendant, for $9000, for the wrongful suing out of writs of sequestration in the two consolidated cases, by which certain cotton and the stock of goods in trade of the defendant were seized.

The judgment is erroneous.

The plaintiffs offered to discontinue the suits, having given the Clerk of the District Court instructions to that effect prior to the filing of the reconventional demand.

The defendant opposed the discontinuance, and was sustained by the court.

The verdict of the jury and the judgment of the court do not notice plaintiffs' demands, and judgment is rendered upon the reconventional demand alone.

Whether plaintiffs' original demands were urged to the jury or not, it was error to disregard them on the final judgment. If no evidence was offered to sustain them, a judgment of nonsuit should have been rendered. If they were proven to have been novated, judgment should have been rendered against the plaintiffs. If they were established, plaintiffs should have had judgment.

On the reconventional demand, we observe that the damages are high. The seizure of the stock of goods amounting to but little over four thousand dollars, and the eighteen bales of cotton continued but one day, when the sequestration was set aside on bond by the defendant. It is difficult to believe that the seizure of so small a stock of goods, by turning the key upon them for so short a period, could have occasioned the defendant nine thousand dollars damage.

Again, there is no ground for charging the plaintiffs with attorney's fees to the amount claimed, as an element of damage. For before the reconventional demand was filed, and before the appearance of counsel, the plaintiffs had given directions to dismiss the suits, and they have been kept in court against the wishes of plaintiffs.

As the judgment of the lower court must be reversed as to a portion of the case, we will also remand for a new trial upon the reconventional demand, instead of rendering judgment upon the same here.

The appellant's counsel refers to certain bills of exception, on which he also relies for a reversal of the judgment. We do not find any bills of exception on the page to which he refers in this voluminous record, and we have too much labor to justify the examination of matters which may not be relied on by the appellant.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for a new trial, the defendant and appellee paying the costs of the appeal.

LAND, J., absent.